**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEODIAS EDWARDS,

Plaintiff-Appellant,

v.

JAMES DZURENDA; et al.,

Defendants-Appellees.

No.    19-16207

D.C. No. 3:18-cv-00119-MMD-CBC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Miranda M. Du, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Nevada state prisoner Loedias Edwards appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging miscalculation of

his parole eligibility date.  We have jurisdiction under 28 U.S.C. § 1921.  We

review de novo the district court's dismissal under 28 U.S.C. § 1915A.  *Resnick v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Edwards's action as *Heck*-barred because Edwards failed to allege facts sufficient to show that his conviction or sentence had been invalidated.  *See Heck v. Humphrey*, 512 U.S. 486-87 (1994) ("[If] a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (holding that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement, but must instead seek federal habeas corpus relief).

The district court did not abuse its discretion in denying Edwards's motion for reconsideration because Edwards failed to establish any basis for relief.  *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion in denying Edwards's motion to amend his complaint because amendment would have been futile.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

**AFFIRMED.**